**[DO NOT PUBLISH]**

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 28, 2005
THOMAS K. KAHN
CLERK

**No. 05-12806**
**Non-Argument Calendar**

_____

D. C. Docket No. 04-00285-CV-WS-B

DORIS B. SAMUELS,

Plaintiff-Appellant,

versus

UNIVERSITY OF SOUTH ALABAMA,
RON ORI,
BETH RAMSEY,
SUE DEER,
CARTON BELLCASE,

Defendants-Appellees.

_____

**Appeal from the United States District Court**
**for the Southern District of Alabama**

_____

**(October 28, 2005)**

Before DUBINA, HULL and WILSON, Circuit Judges.

PER CURIAM:

Doris B. Samuels appeals the district court's grant of summary judgment in favor of the University of South Alabama ("USA") as to her claim that she was terminated because of her sex in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2. Although Samuels raised a number of claims in the district court,[1] she only identified and briefed her termination claim on appeal. Therefore, all remaining claims are deemed abandoned. *See Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed").

On appeal, Samuels argues that the district court erred in granting USA's motion for summary judgment on her claim that USA terminated her because of her sex. She argues that the burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03, 93 S. Ct. 1817, 1824, 36 L. Ed. 2d 668 (1973) and *Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-56, 101 S. Ct. 1089, 1093-95, 67 L. Ed. 2d 207

---

[1]Samuels also filed claims of age discrimination pursuant to the Age Discrimination in Employment Act, hostile work environment pursuant to Title VII, and a due process violation pursuant to the Fourteenth Amendment, against USA and four other USA employees. The district court dismissed each of these claims.

(1981), should not be followed in all cases and that, at the time of her termination, she was performing her duties as an Ultrasonographer II in the Medical Center of USA in a satisfactory manner. In response, USA argues that summary judgment was appropriate because Samuels failed to state a *prima facie* case of discrimination for two reasons. Samuels was not qualified to work as an Ultrasonographer II, and Samuels failed to identify a similarly-situated male employee who was treated more favorably.

We review a district court's order granting summary judgment *de novo*, "view[ing] the evidence in the light most favorable to the non-moving party." *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1085 (11th Cir. 2004). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Title VII prohibits employers from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Where direct evidence of discrimination is unavailable, "a plaintiff may [] present circumstantial evidence of discrimination

sufficient to create a jury question." *Silvera v. Orange County Sch. Bd.*, 244 F.3d 1253, 1258 (11th Cir. 2001). For claims based on circumstantial evidence, the plaintiff bears the initial burden of establishing a *prima facie* case of discrimination. *Id.*

In evaluating discrimination claims based on circumstantial evidence, we use the three-part, burden-shifting framework set out by the Supreme Court in *McDonnell Douglas Corp.*, 411 U.S. 792. First, a plaintiff must establish a *prima facie* case of disparate treatment, which may be accomplished by showing that "(1) she belongs to a protected class; (2) she was subjected to an adverse employment action; (3) her employer treated similarly situated employees outside her classification more favorably; and (4) she was qualified to do the job." *Wilson*, 376 F.3d at 1091. If a plaintiff is successful in establishing a *prima facie* case, the second step of the *McDonnell Douglas* framework shifts "the burden of production . . . to the employer to articulate a legitimate, nondiscriminatory reason for its actions." *Id.* at 1087. Third, the plaintiff may then attempt to demonstrate that the proffered reason was, in fact, merely pretext for the defendant's acts. *Id.* at 1088. "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Burdine*, 450 U.S. at 253, 256, 101 S. Ct. at 1093, 1095.

Samuels satisfied the first two prongs of a *prima facie* case, in that she belongs to a protected class and she was subjected to an adverse employment action when she was terminated. However, she failed to establish that USA treated similarly-situated male employees more favorably or that she was qualified to continue as an Ultrasonographer II. Although Samuels referred to male employees who were certified and employed as Ultrasonographers II, she failed to show how those employees were treated more favorably. Moreover, Samuels was not qualified for the position of Ultrasonographer II because she did not become certified. Because Samuels failed to establish a *prima facie* case of discrimination, the burden never shifted to USA to put forth a legitimate, nondiscriminatory reason for the termination, and therefore, there is no need to address the second and third step of the *McDonnell Douglas* framework.

Upon review of the record and upon consideration of the parties' briefs, we find no reversible error. The district court properly granted summary judgment to USA as to Samuels's sex discrimination claim for wrongful termination because Samuels failed to establish that similarly-situated male employees were treated more favorably or that she was qualified for the position from which she was terminated. Accordingly, we affirm.

**AFFIRMED.**

5